# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**JORDAAN JAIRRION TILLMAN,**                                                      **PLAINTIFF**
**# 412380**

**v.**                                                                             **CAUSE NO. 1:18CV250-LG-RHW**

**HARRISON COUNTY ADULT**
**DETENTION CENTER, BRANDON**
**SMOTHERMAN, DAVID DUNKIN-**
**HOBBS, OFFICER HELVESTON, and**
**HARRISON COUNTY**                                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER OF PARTIAL DISMISSAL

This case is before the Court *sua sponte*. *Pro se* Plaintiff Jordaan Jairrion Tillman is a pretrial detainee at the Harrison County Adult Detention Center, and he brings this action alleging an attack by fellow inmates. The Court has considered and liberally construed the pleadings. As set forth below, Defendants Harrison County Adult Detention Center and Harrison County are dismissed.

### FACTS AND PROCEDURAL HISTORY

Tillman alleges that on May 20, 2018, Defendant Officer David Dunkin-Hobbs placed him on lockdown, in a cell with two other inmates—Rashad Lee and Billy Hamilton. Defendant Officer Helveston was allegedly the officer on duty in the lockdown unit.

When Tillman left the cell to speak with his attorney, Tillman claims that his two cellmates informed Helveston that they were going to beat Tillman if he returned to the cell. Helveston allegedly informed Defendant Officer Brandon

Smotherman. Additionally, Tillman maintains that the Defendant officers were further aware that Lee and Hamilton had previously attacked another cellmate. According to the Complaint, these officers did not move Tillman despite being aware of the specific threat made against him.

When Tillman returned to the cell, he alleges that his two cellmates began attacking him. He claims he screamed for help for two minutes, then Helveston arrived and intervened. As a result of the alleged altercation, Tillman contends his jaw was broken in two places.

Plaintiff brings this action under 42 U.S.C. § 1983. He asserts Eighth Amendment claims against Smotherman, Dunkin-Hobbs, and Helveston. Tillman also sues the Jail and the County because they employed these officers.

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. The statute provides in pertinent part that, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v.*

*Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Tillman to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under § 1915.

Among others, Tillman sues the jail and County for the alleged failure to protect, because they employed the other Defendants.

First, the capacity of the jail to be sued is determined according to Mississippi law. Fed. R. Civ. P. 17(b)(3). Under Mississippi law, a county jail is not a separate legal entity which may be sued; rather, it is an extension of the county. *Tuesno v. Jackson*, No. 5:08cv302-DCB-JMR, 2009 U.S. Dist. LEXIS 61416 at *2-3 (S.D. Miss. Apr. 30, 2009). *See also Brown v. Thompson*, 927 So. 2d 733, 737 (¶12) (Miss. 2006) (sheriff's department). Therefore, the Harrison County Adult Detention Center will be dismissed.

Second, a municipality may be held liable under § 1983 when its official policies or customs violate the Constitution. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). The policy or custom must cause the constitutional tort. *Id.* at 691. "[A] municipality cannot be held liable under § 1983 on a *respondeat superior*

3

theory." *Id*. Thus, to state a claim against the County under § 1983, Tillman must allege (1) the existence of a policymaker, and (2) an official policy or custom (3) which is the moving force behind a constitutional violation. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

The County is sued merely because it employed other Defendants. This is insufficient to state a claim against the County.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the foregoing reasons, the claims against Defendants Harrison County Adult Detention Center and Harrison County should be, and are hereby, **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim. The remainder of this case shall proceed.

**SO ORDERED AND ADJUDGED** this the 4th day of October, 2018.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE